**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SOFTWARE AUTOMATION HOLDINGS, LLC, | ) ) | |
| Plaintiff and Counter-Defendant, | ) ) | |
| v. | ) ) | CASE NO.: 5:23-cv-140-D |
| INSURANCE TOOLKITS, LLC, and JOSEPH WAHL, | ) ) ) | |
| Defendants and Counter-Plaintiffs, | ) ) | |

**STIPULATED PROTECTIVE ORDER**

The Court recognizes that disclosure and discovery activity are likely to arise that will require the disclosure of trade secrets, confidential research, development, manufacturing, financial, process, marketing, and business information, or other commercial information within the meaning of Federal Rule of Civil Procedure 26(c). Good cause exists to protect this information from public disclosure. In the absence of a suitable protective order safeguarding the confidentiality of such information, the parties would be hampered in their ability to produce such information.

Accordingly, the Court **ORDERS** that the parties shall adhere to the following:

**1.     DESIGNATION OF PROTECTED MATERIAL**

1.1     This Order shall govern all documents and other products of discovery obtained by the parties from one another, and from third parties, all information copied or derived therefrom, as well as all copies, excerpts, summaries or compilations thereof, including documents produced pursuant to requests authorized by the Federal Rules of Civil Procedure, answers to interrogatories, deposition transcripts, responses to requests for admission, affidavits, declarations, expert reports,

and other such material and information as may be produced during the course of this litigation.

1.2 In connection with discovery proceedings, in this action, any party or third party may designate any non-public document, material or information as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" (collectively referred to as "Protected Material").

(a) A party may designate as "CONFIDENTIAL" any information, document, or thing that the party reasonably and in good faith believes to contain confidential information within the meaning of Fed. R. Civ. P. 26(c)(1)(G) used by it in, or pertaining to, its business and that is not generally known, and which that party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

(b) A party may designate as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" such materials as the party reasonably and in good faith believes to contain particularly sensitive technical information relating to research for and production of current products; technical, business, and research information regarding future products; non-public and highly sensitive financial information; marketing and sales information, such as marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations; any pending or abandoned patent applications, foreign or domestic; and such other documents, information, or materials that relate to other proprietary information that the designating party reasonably believes is of such nature and character that disclosure of such information would be harmful to the designating party.

(c) A party may designate as "HIGHLY CONFIDENTIAL – SOURCE CODE" information representing computer code and associated comments and revision

2

histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Source Code includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions. Source Code includes source-code files, which are text files containing source code. These include, but are not limited to, files containing source code written in "C," "C++," Java, JavaScript, PHP, Ruby, C# (C Sharp) assembler, VHDL, Verilog, Python, and digital signal processor programming languages, as well as "include files," "make" files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or digital signal processor. Source Code does not include publicly available source code.

     1.3    The following information shall not be designated or protected under this Protective Order:

     (a)    Information that is in the public domain at the time of disclosure, including publicly available publications, catalogs and other advertising materials, press releases, and publicly filed financial statements;

     (b)    Information that at any time is made public through no act of a non-designating party;

     (c)    Information that the designating party has not undertaken with others to maintain in confidence and that is in the possession of or becomes available to the receiving party other than through discovery in this action, but only if the receiving party can show by written documentation that the information independently came into its rightful

possession; or

(d)     Information that is independently developed by the receiving party, as reflected by written documentation demonstrated to be in existence prior to production by the party claiming confidentiality.

1.4     Any documents or things produced pursuant to a discovery request or other written materials exchanged by the parties (including discovery responses, letters, and briefs) that a party desires to designate as Protected Material shall be so designated by marking each page of the document, paper, slipsheet, or thing CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE, as appropriate, and indicating the identity of the producing party (*e.g.*, through the use of an identifying prefix to the document identification (Bates) number).

1.5     In the event a party may make available certain of its non-Source Code files for inspection by another party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY materials. Only those persons identified in paragraph 2.2 below as permitted to view HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY materials may be present at any such inspection. When the producing party copies the documents to furnish to the inspecting party, the producing party shall mark Protected Material with the appropriate confidentiality designation to the extent warranted under paragraph 1.2.

1.6     Whenever a deposition involves a disclosure of Protected Material, the following

4

procedures shall apply:

       (a)    Any party may designate any portion or all of a deposition as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE by notifying the other parties on the record during the deposition. The Court Reporter shall be asked to make the appropriate confidentiality designation on each page of the transcript that contains CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information. At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition and until the conclusion of such designated testimony; and

       (b)    Any party may also designate any portion or all of a deposition as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE by notifying the other parties separately in writing within fourteen days of receipt of the transcript. In such event, the parties shall confer as to the most convenient way to segregate the designated portions of the transcript. All information disclosed at a deposition and all information contained in deposition transcripts shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY for a period of fourteen days after the receipt of the transcript to permit adequate time for review of the transcript and notice to other counsel regarding any designation as Protected Material by a designating party. Provided, however, that if a person is allowed to attend all or a portion of a deposition pursuant to Section 1.6.a. above, that person shall be allowed to review the portion of the transcript for which she or he attended notwithstanding any confidentiality designation that may be made after the deposition.

5

(c)     Any portion of the transcript reflecting material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be presumptively treated in accordance with the procedures pertaining to Source Code.

**2.     ACCESS TO AND USE OF PROTECTED MATERIAL**

2.1     Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used solely in the preparation, prosecution, or trial of this action and not for any other purpose, and shall be disclosed only as provided in the following paragraphs and in accordance with the terms and conditions of this Protective Order.

2.2     Information which has been designated as HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY may be disclosed only to:

(a)     The outside attorneys of record and their employees who are engaged in assisting in this action;

(b)     Independent consultants or experts retained by the party or its attorneys in connection with this action, including technical experts, damage and industry experts, and jury or trial consultants, together with their employees engaged in assisting in this action (including mock jurors), but only subject to the provisions of paragraph 2.4 below;

(c)     The Court and its personnel;

(d)     Court reporters and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

(e)     Professional vendors and their employees, including copy services, trial graphics services, and translation services, engaged by counsel; and

(f)     Any person who is indicated on the face of a document to have been an

6

author, addressee, or copy recipient of the document, or the original source of the information.

2.3    Information that has been designated as CONFIDENTIAL may be disclosed only to:

      (a)    The persons identified in paragraph 2.2 above; and

      (b)    Any party or employee of a party to whom disclosure is reasonably necessary for this litigation who has signed the "Agreement to Be Bound by Protective Order" in Exhibit A.

2.4    Protected Material shall be disclosed to consultants and experts only upon the following terms:

      (a)    Prior to any disclosure, the consultant or expert shall be identified in writing to the other parties' counsel by name, address, and corporate, business or other professional affiliation or employment, together with a copy of the expert's *curriculum vitae* and a list of the expert's litigation or consulting engagements for the past three years;

      (b)    Unless another party notifies the proposing party of any objection in writing and that objection is received by the proposing party within five business days after the notification described in Section 2.4(a) (by fax, by email, or by overnight mail), the consultant or expert shall thereafter be allowed to have access to Protected Material pursuant to the terms and conditions of this Protective Order;

      (c)    In the event of a timely objection, which shall be made in good faith and on reasonable grounds, the proposing party shall refrain from disclosure of Protected Material to the consultant or expert until the objection has been resolved between the parties or ruled upon by the Court;

7

(d)    The parties shall endeavor in good faith to resolve the dispute without calling upon the intervention of the Court. The burden is on the objecting party to seek the intervention of the Court by appropriate motion to preclude the proposing party from disclosing Protected Material to the consultant or expert. If no such motion is filed within ten business days of receipt of the objection by the proposing party, the proposing party may disclose Protected Material to the consultant or expert as if no objection had been raised; and

(e)    No party shall use its right to object to a proposed consultant or expert to interfere with the ability of another party to prepare for any hearing or trial through the use of consultants and experts.

2.5    Prior to receiving any Protected Material, any persons described in sections (b), (d) or (e) of paragraph 2.2 shall be furnished with a copy of this Protective Order and shall execute a copy of the "Agreement to be Bound by Protective Order" attached as Exhibit A. A copy of the signed Agreement shall be maintained by counsel for the party providing such access.

2.6    Nothing in this Protective Order shall prevent any counsel of record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto. In addition,

(a)    Parties and present employees of the parties, or employees of third parties, may be examined as a witness at depositions and trial and may testify concerning all Protected Material produced or designated by that party, or by the employee's employer if a third party;

(b)    Former employees of the parties, or former employees of third parties, may

8

be examined and may testify concerning all Protected Material produced or designated by the party or third party that formerly employed such person and which pertains to the period or periods of his/her employment and prior thereto; and

(c)     Former experts of the parties may be examined and may testify concerning all Protected Material produced or designated by the respective party that pertains to the subject matter of his/her consultation.

2.7     Nothing in this Protective Order shall preclude any party from introducing Protected Material into evidence at any evidentiary hearing or at trial in this litigation. However, if anyone intends to introduce or refer to Protected Material at any hearing or trial in this litigation, the party wishing to make the disclosure shall first notify the producing party and provide that party with a reasonable opportunity to object and/or to ask the Court to take appropriate precautionary procedures (*e.g.*, clearing the Courtroom, sealing the record, etc.).

2.8     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his/her clients with respect to this litigation and referring to or relying generally upon his/her examination of Protected Material, provided that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the content of such information and shall comply with the terms and conditions of this Protective Order.

2.9     All persons in possession of Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Protective Order are observed and the confidential nature of the information is maintained.

3.     **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

3.1     Any party believing that particular information has been improperly marked, *i.e.*,

Case 5:23-cv-00140-D-RJ     Document 44     Filed 02/24/25     Page 9 of 22

that it is not in fact CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY,

or HIGHLY CONFIDENTIAL – SOURCE CODE, may challenge such designation at any time

by raising the issue, in writing to the designating party, and specifically identifying, by document

identification (Bates) number, by deposition page and line, or by other appropriate specific

identifier, the information whose confidentiality status is challenged. Within five business days of

receipt of such writing, the designating party shall either remove or reduce the designation or

respond that it has reviewed the matter and continues to maintain the designation in good faith.

3.2    The parties shall endeavor in good faith to resolve any such dispute without calling

upon the intervention of the Court. If the designating party maintains its designation and the parties

are unable to reach agreement, the challenging party may bring the issue to the Court, and the

parties agree to use any available expedited procedures for doing so. The party asserting

confidentiality shall have the burden of establishing the appropriateness of the designation, except

that a party claiming that information designated by the other as Protected Material is in the public

domain shall have the burden of proving such public knowledge.

3.3    Challenged information shall be treated as designated until the resolution of the

dispute by the parties or ruling by the Court.

**4.    FILING OF PROTECTED MATERIAL**

4.1    Before filing any information that has been designated Protected Material with the

Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall

confer with counsel for the party that produced the Protected Material so designated about how it

should be filed.  If the party that produced the Protected Material so designated desires that the

materials be filed under seal, then the filing party shall file the Protected Material in accordance

with Local Civil Rule 79.2, EDNC, with notice served upon the producing party.  The filing of

Protected Material under seal shall not be binding on the Court, however. Within ten (10) days of service of such notice, the party desiring that the Protected Material be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the Protected Material need not file any such Motion to Seal or otherwise defend another party's desire that the Protected Material remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the Protected Material. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

**5. TERMINATION OF LITIGATION**

5.1 The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties. Within sixty days after termination of this action by judgment, settlement, or otherwise from which no appeal can be brought, each party shall destroy all documents containing or disclosing Protected Material of any other party. Each party's outside litigation counsel shall have the right to retain one copy of the pleadings; of motions, memoranda, documents, and papers filed with the Court; of deposition transcripts and exhibits; and of any documents constituting work product.

11

## 6. THIRD PARTY DISCOVERY

6.1     In the event that any third party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE by such third party, such third party may elect to have its information treated in accordance with the terms of this Protective Order by so notifying counsel for all parties in writing. Such third party may also elect to restrict access under paragraph 2.2(a) to the receiving party's US-based outside attorneys of record and their employees who are engaged in assisting in this action only. Upon service of such notice, such third party may designate documents and information in the manner set forth in this Protective Order, and such third party's designated information shall be protected in the same manner as that of the parties to this action, subject to any further election made pursuant to this paragraph.

## 7. INADVERTENT DISCLOSURE

7.1     If a party inadvertently discloses any document or thing containing information that it deems CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE without designating it pursuant to this Protective Order, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the appropriate confidentiality designation. The receiving party shall thereafter treat the information as if it had been properly marked from the outset and shall make a reasonable effort to retrieve and destroy the unmarked version of the inadvertently disclosed material. Disclosure by the receiving party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Protective Order. Nothing in

12

this Protective Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of paragraph 3.

7.2     Pursuant to Federal Rule of Evidence 502, the inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned or destroyed. The receiving party shall not thereafter use the inadvertently produced material and shall return or destroy all copies of the inadvertently produced material within five business days of receipt of the request. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed. Nothing in this Protective Order shall preclude the receiving party returning the inadvertently produced material from seeking an order compelling the production of information previously produced inadvertently.

## 8.     MISCELLANEOUS PROVISIONS

8.1     If Protected Material in the possession of any receiving party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third Party Request"), the party to whom the Third Party Request is directed will not produce such information without first giving prompt written notice (including a copy of the Third Party Request) to the attorneys of record for

the producing party, no more than three business days after receiving the Third Party Request. The party receiving the Third Party Request must also promptly inform in writing the party who caused the Third Party Request to issue in the other litigation that some or all the material covered by the Third Party Request is subject to this Protective Order. The party receiving the Third Party Request must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third Party Request to issue.

8.2     The producing party shall bear the burden and expense of seeking protection in court of its own Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a party receiving a Third Party Request in this action to disobey a lawful directive from another court. Disclosure of information in response to a properly issued Third Party Request shall not constitute a violation of this Protective Order.

8.3     This Protective Order may be modified only by further Order of the Court, whether *sua sponte* or by agreement of the parties or their counsel and approval by the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

8.4     Treatment by counsel or the parties of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE as designated shall not be construed as an admission by any party that the designated information contains trade secrets or other proprietary or confidential information. Conversely, failure to so designate shall not constitute a waiver of any party's claims, either within or outside this action, that any such documents or information do contain trade secrets or other proprietary or confidential information.

8.5     No party shall be obligated to challenge the propriety of any designation, and failure

to challenge a claim of confidentiality at the time of receipt shall not constitute a waiver of the right to challenge a confidentiality designation at any later time.

8.6     By proposing this protective order, neither party shall be deemed to have agreed to the discoverability of information that is covered by this protective order, and entry of this protective order does not mean the Court has determined that information potentially covered by this protective order is discoverable.

8.7     Each party shall provide a privilege log detailing documents, materials, or communications the party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity. No party shall be obligated to log privileged or otherwise protected documents or communications taking place after the date that the complaint was filed.

## 9.     SOURCE CODE

9.1     Review and production of Source Code shall be governed by the procedures set forth in this Section 9.

9.2     Protected Material designated as HIGHLY CONFIDENTIAL – SOURCE CODE shall be subject to all of the protections afforded to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information including the prosecution bar set forth above, and may be disclosed only to the individuals to whom HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may be disclosed.

9.3     Source Code shall be made available for inspection in its original directory structure. The Source Code shall be in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing party's Outside Counsel of Record or another mutually agreed upon location.

15

9.4 The Source Code shall not be zipped or otherwise need to be extracted or unpacked. If multiple versions of Source Code are provided, they shall be clearly identified.

9.5 All persons who will review the Source Code on behalf of the receiving party shall be identified in writing to the producing party at least seven (7) business days in advance of the first time that such person reviews the Source Code. Such identification shall be in addition to any other disclosure required by this Order. The producing party shall provide these individuals with information explaining how to start, log on to, and operate the Source Code Computer in order to access the Source Code on the Source Code Computer.

9.6 For subsequent reviews by the same persons, the receiving party shall give at least three business days (and at least 72 hours) notice to the producing party of the identity of those persons who will review the Source Code a subsequent time. Requests made at least 48 hours in advance shall be accommodated if it is not burdensome to do so.

9.7 The Source Code shall be made available for inspection on a secured computer ("Source Code Computer") in a secured room without Internet access or network access to other computers. The receiving party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The producing party may monitor the activities of the receiving party's representatives during any Source Code review.

9.8 Upon a receiving party's request and with at least seven business days' notice, the producing party shall bring the Source Code Computer to a deposition that will involve the Source Code so that the witness can respond to questions regarding the Source Code during examination.

9.9 The receiving party shall be entitled to take notes relating to the Source Code. The notes may contain the names of Source Code classes, functions, and variables. The notes may include any information as long as they do not contain more than 5 contiguous lines and 50 total

lines of actual, verbatim copied Source Code.

9.10     No electronic devices, including but not limited to cellular phones, PDAs, cameras, and voice recorders will be permitted in the room with the Source Code Computer. Laptops may be used during inspection of the Source Code for notetaking, provided such use is consistent with this Stipulated Protective Order (*e.g.*, any camera, wi-fi, or other non-permitted functionality will not be used). The producing party must provide the receiving party's Source Code reviewers with a "breakout room" that is separate from the room containing the Source Code Computer, where the receiving party's Source Code reviewers may keep their cell phones, etc., and have access to the Internet. Such notes, whether handwritten or taken electronically, shall not be the subject of discovery or inquiry at trial. Any copies or printouts of the reviewers' notes containing Source Code should be marked HIGHLY CONFIDENTIAL – SOURCE CODE.

9.11     The producing party shall install an integrated development tool (*e.g.*, Visual Studio Code or Visual Studio), using the most recent publicly available version of that tool, for viewing and searching the code produced on the platform produced. The receiving party's outside counsel, consultants, and/or experts may request that additional or alternative commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the receiving party or the producing party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools, said approval not to be unreasonably withheld; and (c) the receiving party reasonably believes that such software tools would assist the receiving party in performing its review of the Source Code consistent with all of the protections herein. Unless the requested software tools are already available to the producing party, the receiving party must provide the producing party with such licensed software tool(s) at least four (4) days in advance of the date upon which the receiving party wishes to have

17

the additional software tools available for use on the Source Code Computer.

9.12    The Source Code Computer shall include tools to reasonably facilitate an expeditious and efficient inspection of the Source Code. The Parties will work together in good faith to disclose information that will facilitate such efficiency. Subject to the preceding paragraph, the receiving party will include these tools on the source-code computer.

9.13    The receiving party may also have installed additional tools on reasonable notice and request, and at its own expense unless the producing party can have the additional tools installed at no out-of-pocket cost. The receiving party must provide the producing party with the CD or DVD (or download link) to any such tool(s) at least seven business days in advance of the date upon which the receiving party wishes to have the tool(s) available for use. Should it be necessary, other mutually agreed upon tools may be used with the receiving party undertaking actions to enable the same. The producing party may object to the use of any tool requested by the receiving party pursuant to this paragraph, but must do so by notifying the receiving party of its objections and the reasons for its objections within three (3) business days after the reasonable written notice and request (or other reasonable period, depending on the circumstances).

9.14    Subject to paragraphs 9.16-9.17, the receiving party may request receipt of printed paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for any other purpose including the purposes of reviewing the Source Code other than electronically as set forth above in the first instance. The receiving party shall not request the printing of Source Code solely to review blocks of Source Code elsewhere, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computer.

9.15    The receiving party may request printed copies of Source Code by identifying

relevant folder name(s), file names(s), starting and ending line numbers and/or other relevant information sufficient to specify the portions to be printed. After reviewing the print request for compliance with this Protective Order, and subject to any challenge, the producing party shall prepare and provide to the receiving party all such Source Code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE" either (i) on-site where the Source Code is printed or (ii) by delivery no later than five (5) business days after such Source Code is printed (unless otherwise agreed to by counsel).

9.16    If the producing party objects that the requested printed portions are excessive and/or not done for a permitted purpose, the producing party shall make such objection known to the receiving party within five (5) days. If the parties are unable to resolve the dispute, the receiving party shall have the burden of demonstrating that the requested printouts are reasonable and necessary per the terms of this Protective Order.

9.17    The receiving party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The receiving party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case and approved by the producing party. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

9.18    If a party determines in good faith that any Source Code must be filed with the Court, it shall provide the receiving party at least seven (7) days-notice prior to doing so work in good faith with the producing party to identify the smallest amount of Source Code necessary to be filed. Such Source Code must be filed under seal in accordance with applicable local rules.

**SO ORDERED**.

Date: February 24, 2025

_____
Robert B. Jones, Jr.
United States Magistrate Judge

**STIPULATED AND AGREED:**


Dated: February 21, 2025                          Respectfully submitted,

/s/ Murphy H. Fletcher                            /s/ John D. Wooten IV
Murphy Horne Fletcher (N.C. Bar No. 44471)        John F. Morrow, Jr., N.C. Bar No.: 23382
Sabrina P. Rockoff (N.C. Bar No. 28754)           WOMBLE BOND DICKINSON (US) LLP
McGuire Wood & Bissette, P.A.                      One West Fourth Street
Post Office Box 3180                               Winston-Salem, NC 27101
Asheville, NC 28802                                Phone: (336) 721-3584
Telephone: (828)254-8800                          Fax: (336) 733-8429
Fax: (828) 641-9151                               Email: John.Morrow@wbd-us.com
mfletcher@mwblawyers.com
srockoff@mwblawyers.com                            Pressly Millen, N.C. Bar No.: 16187
                                                  John H. Wright III (*pro hac vice*)
Peri A. Berger (83.1(e) *special appearance*)     WOMBLE BOND DICKINSON (US) LLP
SAUL EWING LLP                                    150 Fayetteville St., Suite 2100
1270 Avenue of the Americas, Suite 2800           Post Office Box 831
New York, NY 10020                                Raleigh, NC 27602
Telephone: (212) 980-7200                         Phone: (919) 755-2135
Facsimile: (212) 980-7209                         Phone: (919) 755-2155Fax: (919) 755-6067
peri.berger@saul.com                              Email: Press.Millen@wbd-us.com
                                                  John.Wright@wbd-us.com
*Attorneys for Plaintiff Software Automation*
*Holdings, LLC*                                   John D. Wooten IV, N.C. Bar No: 51074
                                                  WOMBLE BOND DICKINSON (US) LLP
                                                  300 N. Greene Street, Suite 1900
                                                  Greensboro, NC 27401
                                                  Phone: (336) 574-8090
                                                  Fax: (336) 574-4524
                                                  Email: JD.Wooten@wbd-us.com

                                                  *Attorneys for Defendants Insurance Toolkits, LLC*
                                                  *and Joseph Wahl*

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

|  |  |
|---|---|
| SOFTWARE AUTOMATION HOLDINGS, LLC, ) ) | |
| Plaintiff and Counter-Defendant, ) ) | |
| v. ) ) | CASE NO.: 5:23-cv-140-D |
| INSURANCE TOOLKITS, LLC, and ) JOSEPH WAHL, ) ) | |
| Defendants and Counter-Plaintiffs, ) ) | |

I, _____, hereby acknowledge that I received a copy of the Protective Order in this action. I read and understood the Protective Order and agree to be bound by its provisions. I agree not to copy or use any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information that may be provided to me for any purpose other than in connection with this action, and I agree not to reveal any such information to any person not authorized by the Protective Order.

I further acknowledge and understand that a violation of the Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the Western District of North Carolina in connection with any proceedings concerning enforcement of the Protective Order.

Dated: _____          By: _____

4919-4049-8974, v. 1