IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-140-D

| | |
|---|---|
| SOFTWARE AUTOMATION HOLDINGS, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| INSURANCE TOOLKITS, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

This matter comes before the court on a motion by Plaintiff Software Automation Holdings, LLC ("Plaintiff") to compel Defendant Insurance Toolkits, LLC ("Defendant") to produce source code in response to its written discovery requests. [DE-70]. Defendant has responded in opposition to the motion. [DE-74]. The motion is ripe and referred to the undersigned for disposition in accordance with 28 U.S.C. § 636(b)(1)(A). [DE-73]. For the following reasons, Plaintiff's motion is allowed.

I. **Background**

Plaintiff provides automated underwriting software to users in the life and health insurance market through its software product, Best Plan Pro ("BPP"). Compl. [DE-1] ¶¶ 2, 14, 18. BPP provides users with recommendations for insurance carriers and plans for their clients, quotes for insurance, and plan recommendations using proprietary algorithms, artificial intelligence, and a proprietary database. *Id.* ¶ 18. Defendants are competitors who market a variety of insurance underwriting software known at the FEX Toolkit. *Id.* ¶¶ 3, 32. Plaintiff alleges that, through wrongful and illegal conduct, Defendants have procured data from and components of BPP software and algorithm and misappropriated that data to build and market the FEX Toolkit, which

Defendants market in a manner designed to confuse the consumer and unfairly engage in competition with BPP. *Id.* ¶¶ 34, 35.

On August 29, 2024, the parties submitted their Rule 26(f) Report, in which they proposed that all fact discovery will be served in time to be completed by no later than March 28, 2025, and that expert depositions shall be completed by June 27, 2025. [DE-37] at 2. On October 28, 2024, a Scheduling Order was entered in this case establishing June 27, 2025, as the date for all discovery to be completed. [DE-39]. On March 21, 2025, Plaintiff moved with consent for an extension of 31 days, up to and including April 28, 2025, to complete certain fact discovery (excluding interrogatories, document requests, and requests for admission) and an equivalent extension of the deadlines for expert discovery and dispositive motions. [DE-45]. On March 24, 2025, an order was entered in which the "fact discovery described in the consent motion" was directed to be completed by April 28, 2025, expert reports were to be due by June 2, 2025, rebuttal reports by June 30, 2025, and expert discovery was to be completed by July 28, 2025. [DE-46]. On April 17, 2025, an order was entered upon joint motion allowing the completion of fact depositions by May 1, 2025. [DE-64]. Plaintiff filed the instant motion on April 23, 2025, seeking to compel Defendant to produce source code in response to its written discovery requests. [DE-70].

## II. Discussion

Rule 26 provides the general rule regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

2

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Prasad v. Nallapati*, 597 F. Supp. 3d 842, 846 (E.D.N.C. 2022) (first quoting *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); then citing *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978))). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). The party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Prasad*, 597 F.3d at 846 (quoting *Mainstreet Collection*, 270 F.R.D. at 240). Finally, "the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

There is no dispute that the source code is discoverable, as Defendant readily admits the parties' source code is "integral to the parties' claims and defenses," Def.'s Resp. [DE-74] at 5, and the parties contemplated its production for inspection in the Stipulated Protective Order entered by the court, [DE-44] ¶ 9. At issue here is whether Plaintiff timely requested to inspect the source code during the fact discovery period.

3

Plaintiff contends it first requested production of the source code in its December 10, 2024 request for production of documents, which asked Defendant to "[p]roduce all documents and things concerning the creation, consideration, design, development, selection, adoption, first use, research, and development, marketing, advertising, and promotion of FEX Toolkit and any of Defendants' other software services related to insurance underwriting." Ex. 2 [DE-72-3] at 6. Defendant contends this request was, at most, arguably a request for a written copy of the source code, which is prohibited by the source code inspection protocol memorialized in the Stipulated Protective Order, [DE-44] ¶ 9.14, and that Plaintiff did not serve a proper request for inspection of the source code until February 27, 2025, [DE-72-5] at 6, which was only 29 days before the close of fact discovery and, thus, untimely. Def.'s Resp. [DE-74] at 5–6. Defendant also contends the motion to compel, filed 37 days after Defendant objected to the inspection request, is untimely. *Id.* at 6.

Assuming, for the sake of argument, that Plaintiff's first document request did not encompass inspection of the source code, it appears Plaintiff believed in good faith that it did. It is not clear when Plaintiff learned that Defendant would not produce the source code, where Defendant responded to the request on February 10, 2025, by forecasting a rolling production with projected "substantial completion" by no later than March 24, 2025. Ex. 3 [DE-72-4] at 3. Plaintiff then attempted to remedy the perceived deficiency by explicitly requesting inspection of the source code in its February 27 discovery request, but Defendant objected to it as untimely because Defendant was only afforded 29 days, rather than 30, to respond to the request before fact discovery closed. Ex. 5 [DE-72-6] at 3–4.

While Plaintiff's initial discovery request could have been more precise and the February 27 discovery request was untimely by one day, the court finds good cause to exercise its discretion

4

to allow the motion to compel. District courts have "substantial discretion" in managing discovery. *Lone Star Steakhouse & Saloon, Inc.*, 43 F.3d at 929. The parties contemplated from the inception of the litigation that the source code would be inspected and understood that the actual inspection of the respective source codes by experts could occur after the fact discovery period; as a result, the court discerns no prejudice to Defendant by allowing the motion to compel production of the source code. *See* Ex. 1 [DE-72-2] at 10 (email from defense counsel to plaintiff's counsel seeking dates for inspection of plaintiff's code between April 16 and May 14); *id.* at 3 (email from defense counsel to plaintiff's counsel pointing out the commonality of a party's expert conducting the source code inspection after fact discovery closes as part of the expert discovery phase). Furthermore, there is no dispute that the source code is integral to the claims and defenses in this case, and resolution of cases on their merits is favored. *See North Carolina Env't Just. Network v. Taylor*, No. 4:12-CV-154-D, 2015 WL 1630602, at *9 (E.D.N.C. Jan. 14, 2015) (allowing delayed request for extension of time to conduct an inspection where, *inter alia*, "to deprive plaintiffs of any additional time to conduct inspection activities would appear to impair their ability to prosecute their claims. Federal policy, of course, favors resolution of cases on the merits") (citations omitted), *report and recommendation adopted*, 2015 WL 1880200 (E.D.N.C. Apr. 13, 2015).

Finally, as for the timeliness of the motion to compel, it was filed after the close of discovery. "While Rule 37(a) governing motions to compel does not specify a temporal requirement for the filing of such motions, '[g]enerally, absent a specific directive in the scheduling order, motions to compel discovery filed prior to the discovery deadline have been held timely.'" *Knechtges v. N.C. Dep't of Pub. Safety*, No. 5:21-CV-225-BO, 2023 WL 5967588, at *3 (E.D.N.C. Aug. 1, 2023) (quoting *Ruth v. City of Creedmoor*, No. 5:13-CV-00862-BR, 2015

WL 1815475, at *3 (E.D.N.C. Apr. 21, 2015) (collecting cases)); *see also Williams v. AT&T Mobility*, No. 5:19-CV-00475-BO, 2022 WL 2821922, at *2–3 (E.D.N.C. July 19, 2022) ("[I]t is well established in this district that, as a general matter, motions to compel must be filed before the end of the discovery period."). The court has also considered Local Civil Rule 7.1(a) in evaluating the timeliness of a motion to compel, which provides that "[a]ll motions in civil cases except those relating to the admissibility of evidence at trial must be filed on or before thirty (30) days following the conclusion of the period of discovery." *See Williams*, 2022 WL 2821922, at *2–3.

Here, the delay in filing the motion appears attributable to Plaintiff's counsel's attempt to resolve the dispute with defense counsel prior to filing the motion, *see* Ex. 1 [DE-72-2, -72-8], as required by the court's Local Civ. R. 7.1(c)(2) (outlining meet and confer obligations prior to filing a discovery motion). While the best practice would have been to seek an extension of the fact discovery period for the purpose of resolving the issue in dispute, the court declines to deny the motion to compel as untimely. This is consistent with the court's rulings in other cases where motions to compel filed after the close of discovery have been allowed based on the moving party's diligence in pursuing discovery but denied when the moving party failed to exercise diligence in seeking to obtain the discovery from the opposing party or relief from the court. *Compare Powell v. Kamireddy*, No. 7:13-CV-00267-F, 2015 WL 333015, at *4 (E.D.N.C. Jan. 26, 2015) (denying motion to compel filed more than two months after the close of discovery and six weeks before trial, where the moving party waited months to notify the opposing party that the discovery responses were deficient and provided no excuse for the delays), *with Nallapati v. Justh Holdings, LLC*, No. 5:20-CV-47-D, 2022 WL 4358205, at *2 (E.D.N.C. Sept. 20, 2022) (declining to deny motion to compel filed after the close of discovery as untimely, where Plaintiffs served their

6

discovery requests in time for Defendants to respond prior to the close of discovery, they promptly attempted to resolve perceived deficiencies, and they promptly filed the motion to compel when they were unable to resolve the dispute without court intervention).

## III. Conclusion

For the reasons stated herein, the motion to compel is allowed. The parties shall work cooperatively to coordinate inspection of the source code in a timely manner.

SO ORDERED, the 11 day of June 2025.

                                                Robert B. Jones, Jr.
                                                United States Magistrate Judge